I ¶WILLIAMS, Judge.
The defendant, James Stevenson, appeals a judgment declaring that he is the natural father of the minor child, J.J. S.[1] For the following reasons, we affirm.
FACTS
On April 13, 1998, the plaintiff, Loretta Simpson, gave birth to a son who is the subject of this paternity action. The child was born prematurely with a heart condition. The plaintiff filed a petition to establish child support and custody alleging that the defendant, James Stevenson, was the biological father of the minor child. The defendant requested DNA blood testing, which was performed in January 2000. The DNA test results showed a probability of paternity of 99.9995%. A written report of the results was filed into the record.
At trial, defendant objected to the admissibility of the blood test results on the ground that the affidavit of the expert who supervised the testing did not comply with the requirements of LSA-R.S. 9:397.3. The trial court issued a written opinion finding that the submitted documentation failed to meet the statutory criteria for admissibility of the DNA test results. The court ordered plaintiff to supplement the affidavit of the expert who supervised the testing.
Subsequently, plaintiff submitted the expert’s supplemental affidavit to the court and the defendant again objected, alleging that the submission did not comply with the statute. The trial court found that the *1095 affidavit adequately established the expert’s qualifications and the chain of custody |2of the blood samples, but ordered plaintiff to have the affidavit placed in the proper form under Louisiana law. In response to the court’s order, the plaintiff filed a revised affidavit and defendant objected to the filing. The trial court found that plaintiff had satisfied the statutory criteria for admissibility of the DNA test results and denied the objection. The court rendered judgment recognizing the defendant as the natural father of the minor child. The defendant appeals the judgment.
DISCUSSION
The defendant contends the trial court erred in allowing plaintiff to repeatedly supplement the documentation accompanying the report of DNA test results. Defendant argues that giving plaintiff multiple opportunities to satisfy the statutory criteria for admissibility of test results deprived him of a fair trial and due process of law.
In any civil action in which paternity is a relevant fact, the district court is authorized to order the mother, child and alleged father to submit to the collection of blood or tissue samples so that inherited characteristics may be determined by appropriate testing procedures. LSA-R.S. 9:396. The purpose of blood analysis is either to exclude an accused male from the possibility of paternity or, if not excluded, to calculate the odds that he would have passed the disclosed genetic markers to a particular child. State, DOSS v. Thomas, 27,248 (La.App.2d Cir.8/23/95), 660 So.2d 163; State v. Givens, 616 So.2d 259 (La.App. 2d Cir.1993).
A written report of the test results, certified by a sworn affidavit of the expert who supervised the tests, shall be filed in the record. The |saffidavit shall state in substance: (a) that the affiant is qualified as an examiner of blood and tissue samples for inherited characteristics and give the affiant’s qualifications, education and experience; (b) how the tested individuals were identified; (c) how, when and where the samples were obtained and by whom; (d) the chain of custody of the samples from the time obtained until the tests were completed; (e) the results of the test and the probability of paternity as calculated by an expert based on the test results; and (f) the procedures performed to obtain the results. LSA-R.S. 9:397.3(A).
In the present case, the defendant acknowledges in his brief that under the provisions of LSA-R.S. 9:397.3, the court has the authority to order that the expert’s affidavit be supplemented to satisfy the statute’s requirements concerning his qualifications or the chain of custody. However, defendant argues that the lack of statutory language to restrict a party’s ability to supplement the expert affidavit gives his opponent an unfair advantage and is an infringement of his due process rights. Defendant asserts that allowing multiple revisions of the documentation certifying the paternity test report could have the result of delaying the proceedings “for years” or harassing alleged fathers.
Despite the defendant’s generalized assertions, there was no evidence presented that any such unreasonable delay or harassment occurred in this case. Nor has the defendant shown that he was deprived of a fair trial or due process by the trial court’s continuance of the matter to allow plaintiff to supplement the expert’s affidavit to satisfy the statutory requirements for ^admissibility of test results which defendant requested. After reviewing the record, we cannot say the trial court erred in affording plaintiff additional opportunities, within a limited time-frame, to submit an expert affidavit which conformed with *1096 the relatively detailed criteria set forth in the statute for such affidavits. The defendant’s argument lacks merit.
The defendant also contends the trial court erred in finding that the content of the supplemented expert affidavit complied with the requirements of LSA-R.S. 9:397.3. Defendant argues that the affidavit was inadequate because the affiant did not state that she supervised the tests or that she was a qualified examiner of blood samples and did not establish the chain of custody of the samples.
In the August 2001 affidavit, Dr. Susan-nie Lee testified that she was the associate director of DNA Diagnostics Center, the laboratory which performed the testing, and that she had been accepted as an expert in DNA paternity testing, which involves the analysis of blood and tissue samples. Dr. Lee identified the lab technicians who had performed, witnessed and verified the testing procedure and stated that she had reviewed the test data and results. Dr. Lee testified that the blood samples were shipped immediately after they were obtained from the parties and were stored in a secure area of the lab in a manner consistent with the industry standard.
Based upon this record, we cannot say the trial court was clearly wrong in finding that the affidavit sufficiently demonstrated that Dr. Lee had supervised the tests and adequately established her qualifications and the chain of custody of the blood samples in conformity with the statute, ft Consequently, the trial court properly admitted the DNA paternity test results into evidence. The assignment of error lacks merit.

Burden of Proof

The defendant contends the trial court erred in finding that plaintiff satisfied her burden of proving paternity. Defendant argues that his testimony was sufficient to rebut the presumption that he is the father of the minor child.
When, as here, the alleged parent is alive, the burden of proving paternity is by a preponderance of the evidence. LSA-C.C. art. 209(A). State v. Thomas, supra. Proof of paternity is a factual question and a trial court’s determination of the issue should not be disturbed on appeal in the absence of manifest error. State, DOSS v. Gibson, 33,932 (La.App.2d Cir.9/27/00), 768 So.2d 714. Although alone insufficient to prove paternity, scientific testing provides persuasive and objective evidence that can help establish paternity by a preponderance of proof. State v. Gibson, supra; Thomas, supra. A certified report of blood sampling which indicates by a ninety-nine and nine-tenths percentage point threshold probability that the alleged father is the child’s father creates a rebutta-ble presumption of paternity. LSA-R.S. 9:397.3(B).
In the present case, the DNA testing resulted in a probability of paternity of 99.9995 % and a combined paternity index indicating a likelihood of 194,466 to one that defendant is the biological father of the child when compared to a random individual in the North American Black | fipopulation. Thus, the test results create a rebuttable presumption of the defendant’s paternity.
At trial, the plaintiff testified that throughout 1997 she was having a sexual relationship with the defendant and no one else. She stated that the defendant visited her home almost every weekend during that year until his last visit in November 1997. The plaintiff testified that conception occurred in September 1997 and that she informed defendant a short time after she learned of the pregnancy in October or November 1997. Plaintiff stated that the child’s birth certificate does not list a fa *1097 ther because defendant refused to sign the necessary documents. The plaintiff testified that defendant visited the child in the hospital after his birth.
The defendant testified that he did not have sex with the plaintiff in 1997, but acknowledged that he visited plaintiff in her home during that year. Defendant stated that he visited the child in the hospital twice and sent him a card and ten dollars for his first birthday. The defendant acknowledged that he sent notes to plaintiff in July 1999 and September 1999 asking to visit the children. Defendant testified that plaintiff did not tell him he was the father of the child. However, he admits that plaintiff sent the necessary papers for him to complete to be named the child’s father on the birth certificate.
The record includes DNA test results indicating a paternity index and probability of paternity which present very strong scientific evidence that defendant is the biological father of the minor child. In addition, the |7plaintiff unequivocally testified that defendant is the father of the child and that she was sexually involved only with the defendant during the period of conception. The defendant was unable to discredit this testimony in any manner and offered only his own self-serving statements to the contrary.
The trial court heard the conflicting testimony, weighed the credibility of the witnesses and considered the DNA test results, which demonstrated the significant probability of defendant’s paternity. Based upon this record, we conclude the trial court was not clearly wrong in finding that the plaintiff established by a preponderance of the evidence that defendant is the biological father of the minor child. The assignment of error lacks merit.
CONCLUSION
For the foregoing reasons, the trial court’s judgment declaring that the defendant is the natural father of the minor child, J.J. S., is affirmed. Costs of this appeal are assessed to the appellant, James R. Stevenson.
AFFIRMED.

. We use initials to refer to the minor child in this opinion in order to protect the identity of the minor whose interests are a subject of this proceeding. URCA Rule 5-2.